UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>   )<br>   Plaintiff,   )<br>   )<br>v.   )<br>   )<br>EVANN HERRELL, MARK GRENKOSKI,   )<br>and STEPHEN CIRELLI,   )<br>   )<br>   Defendants.   )  | Crim. No. 6:21-cr-00013-GFVT-MAS<br><br>**MEMORANDUM OPINION**<br>**&**<br>**ORDER** |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court on Defendant Herrell's Motion to Exclude testimony by three witnesses whom the United States recently disclosed. [R. 614.] He argues that these witnesses are experts, not fact witnesses, so the Government's disclosures are untimely. *Id.* He raised similar arguments against a fourth witness in his Omnibus Motion in Limine. [R. 593 at 6 (adopting the arguments presented at R. 591 at 1-6).] Defendants Grenkoski and Cirelli move to join the Motion to Exclude. [R. 634; R. 636.] The Government argues that these witnesses will not provide expert testimony but that even if they will, the disclosures are not untimely because the Court recently continued trial. [R. 641.] These witnesses may present permissible fact testimony, so the pre-trial requests to exclude **[R. 614; R. 593 at 6]** are **DENIED**.

**I**

The Indictment in this matter charged eleven defendants with twenty-seven counts arising out of allegedly unlawful prescribing practices at Express Health Care, a Tennessee medical clinic. [R. 1.] The remaining defendants are scheduled to go to trial on June 12. [R. 637.] The Government's Rule 16(a) disclosures, which include expert disclosures, were due by July 8, 2021. [R. 172-1 at 1.] On March 30, 2023, the Government wrote the Defendants stating that it

"may call witnesses to testify regarding the reimbursement of prescription drugs and/or urine drug testing by Medicare, Medicaid, and TennCare." [R. 591-1 at 1.] It stated that it "anticipates that these witnesses will offer only fact testimony." *Id.* To this letter, it attached Molly Colombo's CV and a summary of her anticipated testimony. *Id.* at 2-7. She is a clinical pharmacist who will testify about Medicare Part D. *Id.*

On April 11, the Government disclosed three additional witnesses—Renee Williams-Clark, Vaughn Frigon, and April Prather—and included their CVs and summaries of their testimony.[1] [R. 614 at 2; R. 614-2; R. 614-3; R. 614-4.] Ms. Williams-Clark is the Pharmacy Director at TennCare and will testify about TennCare's reimbursement process, including Prior Authorizations. [R. 614-2 at 1-2.] Dr. Frigon is a physician with TennCare who will testify about reimbursement for urine drug testing. [R. 614-2 at 3.] Ms. Prather is the Associate Director of Medicaid Pharmacy Services at Kentucky's Cabinet for Health and Family Services. [R. 614-3 at 1.] She will testify about Kentucky's Medicaid program. *Id.* Overall, these witnesses will explain that these programs fund medically necessary prescriptions and testing and would not fund improper requests.

Defendant Herrell argues, in two motions, that these witnesses are untimely disclosed experts who should be excluded from trial. First, his Omnibus Motion in Limine seeks exclusion of Dr. Colombo. [R. 593 at 6.] He adopts the arguments presented in Ms. Barnett's Motion in Limine.[2] [*Id.*; R. 591 at 1-6.] Mr. Herrell filed a separate Motion to Exclude Ms. Prather, Dr. Frigon, and Ms. Williams-Clark. [R. 614.] This Motion almost entirely copies the arguments presented in Ms. Barnett's Motion. [*Compare* R. 591 at 3-6 *with* R. 614 at 5-9.] Because the

---

[1] Though Mr. Herrell claims that the Government did not provide a summary of Dr. Frigon's testimony, that summary is included in the disclosures attached as an exhibit to Mr. Herrell's own motion. [R. 614-2 at 3.]
[2] Ms. Barnett pled guilty in the interim. [R. 623.]

2

arguments are the same, the Court will collectively consider Mr. Herrell's Motion in Limine to the extent it seeks exclusion of Dr. Colombo and his subsequent Motion to Exclude.

## II

Federal Rule of Criminal Procedure 16 governs the admission of expert testimony. "At the defendant's request, the government must disclose to the defendant, in writing, the information required by (iii) for any testimony that the government intends to use at trial under Federal Rules of Evidence 702, 703, or 705." Fed. R. Crim. P. 16(a)(1)(G). Rule 16(a)(1)(G)(iii) explains that "the disclosure for each expert witness must contain" the opinions the Government will elicit, the basis for the opinions, the witness's qualifications, and certain prior testimony.

Mr. Herrell argues that Dr. Colombo, Ms. Prather, Dr. Frigon, and Ms. Williams-Clark will provide expert, not lay, testimony and were not timely disclosed. Federal Rule of Evidence 702 explains that expert testimony is based on the witness's "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. Mr. Herrell claims that testimony about Medicare, Medicaid and TennCare regulations and requirements is expert testimony because it is based on the witnesses' special experience working in the health care programs. [R. 614 at 4-6.]

The Government disagrees. It argues that the witnesses will provide "approximately ten minutes" of fact testimony "based upon the knowledge the witnesses have gained from their positions in a business," not specialized knowledge. [R. 641 at 2-3.] It elaborated on this argument in its response to Defendant Barnett's Motion *in limine*, which Mr. Herrell adopts, to exclude Dr. Columbo's testimony. [R. 605 at 11-15.] It emphasizes the distinction between testimony about how these programs function and their reimbursement policies and testimony explaining or construing terms requiring specialized knowledge. *Id.* at 11-12. The former is not

3

expert testimony because it is "rationally based on the witness's perception." *Id.* (quoting Fed. R. Evid. 701). Further, the Advisory Committee Notes explain that testimony based on "particularized knowledge that the witness has by virtue of his or her position in [a] business" is not expert testimony. Fed. R. Evid. 701, committee notes on rules to 2000 amendment. The Government explains that the witnesses are not expected to testify about whether prescriptions or tests were medically necessary. *Id.*

The Sixth Circuit has addressed testimony about health care programs, which is common in cases like the one at hand. For example, in *United States v. White*, the Sixth Circuit found that testimony about Medicare was expert testimony. 492 F.3d 380, 403 (6th Cir. 2007). That testimony involved application of the witnesses' knowledge, explanation of their "understanding of various terms," and "clarify[ing] and link[ing] together" various exhibits. *Id.* at 403-04. The court reasoned that "[t]he Medicare program operates within a complex and intricate regulatory scheme and we cannot say that the average lay person, including any Medicare beneficiary, commands a working knowledge of Medicare reimbursement procedures." *Id.* Specifically, the witnesses based their testimony about "the structure and procedures inherent in the Medicare program" on "a significant degree on specialized knowledge acquired over years of experience as Medicare auditors." *Id.* at 403-04.

However, the Sixth Circuit added more nuance in *Manzano*. There, it stated that non-expert witnesses can "provide[] simple background facts (not opinions) about the Medicare program." *United States v. Manzano*, 793 Fed. App'x 360, 365 (6th Cir. 2019). It emphasized that the challenged testimony "involved less complicated subjects than those discussed by the fiscal-intermediary auditors in *White*." *Id.*

Accordingly, the scope of the testimony is best left for trial. As the Government notes,

4

these cases make clear "that there is no categorical rule that every witness who testifies about Medicare or another healthcare benefit program amounts to an expert witness[]." [R. 605 at 13.] It appears that the challenged witnesses will present testimony closer to that in *Manzano* than *White*. Their summaries predict straightforward testimony about how the health care programs operate. [R. 591-1 at 2-3; R. 614-2; R. 614-3.] The Government's prediction that each witness will testify for approximately ten minutes emphasizes the simplicity of the testimony. [R. 614-2; R. 614-3; R. 641 at 2.] "[T]he Federal Rules of Evidence distinguish between lay and expert *testimony*, not *witnesses*." *White*, 492 F.3d at 403 (emphasis in original). It would be inappropriate to categorically exclude these witnesses as experts when, under *Manzano*, they could present permissible fact testimony about the health care programs. At trial, the Defendants may object if the witnesses' testimony approaches expert testimony.

**B**

The Government also argues that, if the testimony is expert testimony, the disclosures were not so untimely that exclusion is warranted. [R. 641 at 3.] The Court will not resolve this claim. If the Court were to determine that the disclosures were not untimely, the Government would be allowed to elicit expert testimony from these witnesses. This would conflict with the Government's notice informing the Defendants that these witnesses "will offer only fact testimony." [R. 614-1.] The Government should not be permitted to use the Defendants' Motion and the continuance of trial to turn these fact witnesses into unanticipated expert witnesses.

**III**

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Motion to Exclude **[R. 614]** is **DENIED**;

2. Dr. Herrell's Motion in Limine **[R. 593 at 6]** is **DENIED** to the extent it seeks exclusion of Dr. Colombo; and,

3. Defendants' Grenkoski and Cirelli's Motions to Join **[R. 634; R. 636]** are **GRANTED**.

This the 12th day of May, 2023.

Gregory F. Van Tatenhove
United States District Judge